1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILM ALLMAN, LLC, a Georgia limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> NEW YORK MARINE and GENERAL INSURANCE COMPANY, INC., a New York corporation, and DOES 1-10, <br><br> Defendants. | CASE NO. 2:14-cv-07069-ODW (KLS) <br><br> **STIPULATED PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on October 6, 2015, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 1, 2, 5, 9, 12, and 18 of the Stipulation.**

\\
\\
\\
\\

1

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. The parties ~~requested that the Court issue a protective order and they~~ agree that good cause exists for **a protective** order because it would allow them to exchange privileged and otherwise confidential information in a manner that will ensure that it maintains its privileged status and will not be filed in the public record without appropriate protections. The parties further agree that good cause for such an order exists because, in the absence of a protective order in this action, the parties may not be able to obtain relevant information and documents from third-parties who are subject to confidentiality agreements entered in and/or protective orders issued in other actions. The request was made on the grounds that:

   a. The First Amended Complaint asserts claims relating to several insurance claims that Plaintiff submitted to Defendant relating to third-party claims filed against Plaintiff (the "underlying claims"). Various documents and other information relevant to the issues in those underlying claims involve and/or relate to information protected by the attorney-client privilege and work product doctrines with respect to parties asserting the underlying claims and others, but, because of the tri-partite relationship between an insurer, defense counsel, and an insured, that may not be privileged with respect to the parties to this action; and

   b. Defendant recently took the deposition of a third-party who advised the parties that certain information and documents potentially relevant to this action are subject to a confidentiality agreement and/or protective order in a separate action previously filed against Plaintiff and, therefore, the third-party

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

2

could not provide that information unless it were produced pursuant to an equally strong protective order entered in this action.

    2.    The terms of the stipulated protective order requested by the parties here shall govern the production, use and dissemination by all parties to this action of: (1) any "Confidential Information" produced by a party during **discovery in this action**; (2) any "Confidential Information" produced by a third-party witness **during discovery in this action**; and (3) any "Confidential Information" produced to or received by any consulting and/or expert witnesses **during discovery in this action**.

    3.    For purposes of this protective order, "Confidential Information" means information of any type, kind or character that is designated as "Confidential" and/or "Attorneys' Eyes Only" by the producing or receiving parties, including any third party ("Designating Party" or "Designating Parties"), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a written discovery response or otherwise.

    4.    Any person may designate as "Confidential Information" any material produced in the course of discovery proceedings only when: (1) such designating person in good faith believes that such material contains information that is privileged under the attorney-client privilege and/or work product doctrines as set forth in Paragraph 1(a); or (2) such designating person in good faith believes that such material contains information that is subject to a confidentiality agreement entered and/or protective order issued in another action. A Designating Party will make only such designation as to that information that it in good faith believes contains Confidential Information. If any party objects to the designation of discovery material as Confidential and the objection cannot be resolved by agreement of counsel, the discovery material shall be treated as designated and subject to this protective order unless otherwise ordered by the Court upon motion

made by the objecting party in accordance with the provisions of Local Rules 37-1, et seq. The Designating Party shall bear the burden of proof on any such motion.

5. Any person may also designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any material produced in the course of discovery proceedings herein when such designating person in good faith believes that such material is subject to a similar "Attorneys' Eyes Only" provision set forth in a protective order issued in another action. Any material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated as if it were Confidential Information and receive all the protections otherwise afforded to Confidential Information under the terms of this order. In addition to such protections, material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the recipient to anyone other than the attorneys of record in this action, **the court and court personnel,** the paralegals and staff of the attorneys of record in this action, and any consulting or testifying experts retained by the parties and whose engagement might require review of such material. If a Designating Party designates any material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as described above, any other party may challenge such designation if they have a reasonable basis for doing so. If such designation is challenged, the Designating Party shall have the burden of demonstrating that such designation is necessary to protect an important privacy interest that is not otherwise protected by the documents designation as "Confidential."

6. However, nothing shall be regarded as Confidential Information or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it is information that:

    a. Is in the public domain at the time of designation, including, without limitation, as evidenced by a written document;

    b. Becomes part of the public domain through no fault of any party receiving the Confidential Information, including, without limitation, as evidenced by a written document; or

      c.    Any party receiving the Confidential Information lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

7.    This order is intended to provide a mechanism by which any party may elect to provide information regarded as confidential. Nothing herein shall be construed as requiring any party to produce information regarded as confidential and any party may elect (in lieu of or in addition to utilizing the terms of this order) to object to the production of any confidential information or to exercise any other appropriate remedies with respect to a request for production of such information.

8.    Nothing herein shall: (1) preclude a producing party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or information as it may deem appropriate; (2) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (3) preclude any party from objecting to the admissibility of any documents or information; (4) limit a party's use of its own documents or any documents obtained outside the discovery process in this action; or (5) limit a party's use of public information.

9.    Any Confidential Information produced that is not marked "ATTORNEYS' EYES ONLY" by a party or third-party witness shall be disclosed only to: (a) the Court **and its personnel** ~~under seal, pursuant to the procedures mandated by Local Rule 79-5.1 and the Court's procedures~~; (b) the parties and their respective outside counsel of record (including support staff as reasonably necessary); (c) outside stenographic court reporters and language translators (including support staff as reasonably necessary), and (d) the additional individuals listed in items (i) through (vii) below, provided that such additional individuals have read this Protective Order and signed an Undertaking in the form attached hereto as Exhibit 1, which shall be retained in the files of outside

5

counsel:

(i) in-house attorneys (including support staff as reasonably necessary) of the parties who are responsible for and/or are working directly in defense of this action.

(ii) corporate representatives of the parties (i.e., the officers, directors, or employees of the parties) who have been charged with the responsibility for making business decisions dealing directly with the litigation of this action);

(iii) technical personnel of each side who needs to be consulted by outside counsel, in the discretion of such counsel, in preparation for proceedings in this action;

(iv) outside experts and outside consultants retained in this action;

(v) a deponent or other witness in this action who authored, received or saw a document or thing marked "CONFIDENTIAL," or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information;

(vi) paralegals, stenographic, clerical employees and translators associated with the individuals enumerated in (i)- (v) above, but only as party of a disclosure to said individuals in accordance with this Protective Order; and

(vii) such other individuals as the parties may stipulate or as may be ordered by the Court .

10. Confidential Information shall be revealed by the parties only to the persons permitted access to it pursuant to paragraph 9 above and shall not be disclosed by any party to persons other than those specified in paragraph 9. All Confidential Information shall be used by the parties solely for the purposes of this action.

## USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS

11. Confidential Information shall be used in deposition only in a manner calculated to preserve the confidentiality of such documents or information and in accordance with the following procedures:

    a. This order shall be made an exhibit to any deposition during which Confidential Information is used or discussed;

    b. If any Confidential Information is to be marked as an exhibit, such exhibit shall be marked "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" by the Court Reporter and attached under seal;

    c. If any document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is marked as an exhibit, all such documents shall be separately compiled by the Court reporter and shall be delivered to counsel in a separately bound volume marked "EXHIBITS - CONFIDENTIAL – ATTORNEYS' EYES ONLY";

    d. Unless permission is elsewhere granted in this order, no deponent shall be permitted to retain copies of Confidential Information;

    e. Unless otherwise agreed by counsel at the time a deposition is taken, deposition testimony and transcripts shall be treated as though designated Confidential in their entirety until the expiration of 30 days after receipt of the transcript, by which time specific designations, if any, must be made;

    f. Any Court Reporter or other person taking or preparing transcripts of any deposition during which Confidential Information was introduced or disclosed shall be advised of the

terms of this order and agree to be bound thereby.

## FILING OF CONFIDENTIAL INFORMATION

12. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation that contain, reflect, incorporate or refer to any discovery material that has been designated as "Confidential" or "ATTORNEYS' EYES ONLY" shall be submitted for filing **with an application, in accordance with the requirements of Local Rule 79-5** and the presiding judge's separate provisions, **that provides the requisite showing, based on competent evidence, of "good cause" or "compelling reasons," for a Court order to** seal. ~~The party seeking to file the unredacted discovery material designated as "Confidential" or "ATTORNEYS' EYES ONLY" shall submit an application, along with a proposed order, seeking the Court's permission to file the documents containing the discovery material under seal in accordance with the foregoing provisions~~.

13. Should a need arise during the trial or any hearing before the Court for a party to cause Confidential Information to be disclosed, it may do so only after appropriate *in camera* inspection or other safeguards are requested of the Court or are otherwise ordered by the Court.

14. This protective order is without prejudice to the right of any party or third-party witness to move for an order further restricting disclosure or use of any Confidential Information.

15. In the event of any accidental or inadvertent disclosure of Confidential Information by a party other than in a manner authorized by this protective order, counsel shall immediately notify opposing counsel of all of the pertinent facts and make every effort to further prevent unauthorized disclosure including, retrieving all copies of Confidential Information from the recipients thereof and securing the

agreement of those recipients not to further disseminate the Confidential Information in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.  Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced material shall be returned to the producing party upon request.  No use shall be made of such material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return.

16. The parties shall maintain any Confidential Information in a secure and safe place and exercise at least the same degree of care in handling the Confidential Information as is exercised by a party with respect to its own confidential information of a similar nature, but in no event less than due care.

17. This protective order is valid throughout the course of this action (defined to include all proceedings herein, appeals and/or remands) and shall survive the termination of the action.  Upon final termination of the action, all copies of documents containing Confidential Information shall be destroyed within sixty (60) days, with the exception of one archival copy of pleadings, correspondence, work product, discovery responses, depositions, deposition exhibits, Court exhibits and documents included in submissions to the Court that may be retained by outside counsel.

18. This protective order shall not prevent either party from moving for an order that Confidential Information is not, in fact, confidential, provided that, prior to making such a motion, the parties shall meet and confer to attempt to resolve any differences over the designation.  On such a motion, the party asserting confidentiality shall **bear** the burden **and expense** of proving that the Confidential

Information in question is protected under Fed. R. Civ. P. 26(c) or on some other basis or, as the case may be, is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude subsequent challenge.

19. Nothing in this protective order shall preclude either party from disclosing or using, in any manner or for any purpose, any information that either was lawfully in its possession prior to being designated Confidential Information in this action or was obtained from a third party having the apparent right to disclose such information.

20. This protective order does not create any contractual obligations between the parties.

IT IS SO ORDERED:

Dated: October 20, 2015

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

**"EXHIBIT 1"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FILM ALLMAN, LLC, a Georgia limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>NEW YORK MARINE and GENERAL INSURANCE COMPANY, INC., a New York corporation, and DOES 1-10,<br><br>  Defendants. | CASE NO. 2:14-cv-07069-ODW-RZ<br><br>**CONFIDENTIALITY AGREEMENT PURSUANT TO A PROTECTIVE ORDER** |

I am authorized by _____ [party name] to review Confidential Information as that term is used in the Protective Order dated _____, 2015, and hereby request access to that Confidential Information for use in this litigation.

I have been provided with a copy of the Protective Order dated _____, 2015 in the above-captioned proceeding. I have read that Protective Order and hereby agree to be bound by all of the limitations regarding disclosure of Confidential Information in that Protective Order.

I understand that failure to comply with the terms of that Protective Order may be punishable by contempt of Court and may result in civil liability to any party or person damaged thereby.

I consent to the United States District Court for the Central District of California exercising jurisdiction over me for the purpose of enforcing that

1  Protective Order or for any contempt proceedings against me arising out of my
2  failure to comply with the terms of that Protective Order.
3
4  Dated: October ___, 2015.
5
6
7                                            _____
                                          Signature of Person Requesting Access to
8                                            Confidential Information
9                                            _____
                                          Typed Name of Person Requesting Access
10                                           to Confidential Information
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28